## W. B. SAUNDERS CO. v GALBRAITH, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11547.   Decided July 7, 1931

Stearns, Chamberlain & Royon, Cleveland, for W. B. Saunders Co.

McConnell, Blackmore, Cory & Griffith, Cleveland, for Galbraith et.

MAUCK, PJ and MIDDLETON, J (4th Dist) and FARR, J, (7th Dist) sitting.

**MAUCK, PJ.**

While it is well understood as an elementary principle of the law of contracts that a consideration must exist to render a promise enforcible, there are several varieties of obligations that have long been held to be valid in which it is difficult to see any consideration. Among these are new promises to pay debts extinguished by a discharge in bankruptcy or barred by the statute of limitations. Sometimes it has been said that these old obligations created a moral liability sufficient to stand as a consideration although a mere moral obligation of itself is no consideration at all. Sometimes it has been said that this moral obligation is sufficient when joined with a prior legal obligation, but if that prior legal obligation has been extinguished it is not easy to see how it adds anything to the valueless moral obligation. When those responsible for the new monumental **Re-statement of the Law of Contracts** approached this problem they swept away the ingenious efforts to locate and define the consideration underlying such obligations and laid down the broad proposition that no consideration was required in such obligations. Sections 85 et seq., Restatement of the Law of Contracts. Carrying out the same plan as to those obligations where the correlative promise of a promise might not be discerned to constitute the consideration for the first promise, but the conduct of the parties was such as to estop the promisor from asserting a want of consideration, the Re-statement laid down the law in §90 as follows:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

By following the admirable notes of Professor Ferson it would not be difficult to sustain the soundness of §90 as the boiled down essence of the law of Ohio. We are content, however, to take the **Restatement** as the law of this state without exploring its soundness and hold that of its own vigor it is adequate authority. This is not to say that the Restatement is of necessity perfect and that in it is to be found the law's last word. We only hold that he would not have it followed as the burden of demonstrating its soundness.

The facts of the case at bar come squarely within the terms of the section referred to. Mrs. Galbraith's promise was reasonably expected to and did induce plaintiff to forbear asserting its claim against the estate at a time when such assertion could have been effective. If her promise, so acted upon by plaintiff, is not enforced, plaintiff has lost its right to realize from the estate on an admittedly just claim, and this unjust loss can be avoided only by enforcement of defendant's promise. Mrs. Galbraith, in the light of the facts as now known, made an unfortunate bargain but her promise was legal and enforcible. We find it unnecessary to go into the other interesting questions discussed by counsel.

A decree will be entered for plaintiff as prayed for.

MIDDLETON and FARR, JJ, concur.