EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor under the Last Will and Testament of Margaret C. Kane, deceased,

Plaintiff Below, Appellant,

*vs.*

HUGH F. GALLAGHER,

Defendant Below, Respondent.

*Supreme Court, On Appeal, December 7, 1950.*

RICHARDS, C. J. and TERRY, CAREY, LAYTON and WOLCOTT, JJ., sitting.

*H. Albert Young,* and *David B. Coxe, Jr.,* for appellant.

*Joseph Donald Craven,* for respondent.

LAYTON, Judge, delivering the opinion of the court:

Appellant is the executor of the estate of Margaret C. Kane, deceased. Prior to her death on January 18, 1947, Miss Kane was an old and valued employee of Union Park Motors, Inc., a corporation of this State. Hugh F. Gallagher, the defendant, is president of the corporation and owns the very large majority of its stock. Gallagher was Miss Kane's distant cousin. In 1941 Gallagher established a trust of 19 shares of the stock of Union Park Motors, Inc., for the benefit of the deceased, for her life, remainder upon her death to trustor's sons. While the details of putting this agreement into execution were attendant with some informality, nevertheless, we agree with the Chancellor's conclusion that it was a valid and enforceable trust. Thereafter, until 1946, Miss Kane received dividends upon 19 shares of the stock of the company under the trust, although it does not appear whether or not these dividends were paid to Miss Kane as the record holder.

In 1946, a new written agreement was entered into between Gallagher and the deceased with specific reference to the 19 shares of stock which constituted the corpus of the trust just referred to. The contents of this new agreement will never be known with exactitude for the reason that Gallagher destroyed this instrument subsequent to Miss Kane's death. At the hearing a great deal of evidence was taken in an effort to reconstruct the contents of the destroyed instrument, the Chancellor correctly applying the rule that when a party to an instrument deliberately destroys it, the natural inference is that its provisions are against his interest.

The fair inference from all the testimony amply justified the Chancellor's conclusion that the instrument read somewhat as follows:

"After long years of faithful service and devotion to Union Park Motors and Hugh F. Gallagher, its president, Margaret C. Kane is given 19 shares of Union Park Motors Capital Stock in fee simple. In the event of Margaret C. Kane's death her executors or heirs shall sell back Margaret C. Kane's stock to Union Park Motors, Inc., or to Hugh F. Gallagher, Jr., J. Harry Gallagher, Donald Gallagher at a price set by the president of the Equitable Trust Company."

There was evidence from which it fairly could be found that the agreement contained a further provision that none of the sons of Hugh F. Gallagher was entitled to demand more than 5 shares of the stock from the estate of deceased. While the Chancellor did not expressly so find, he might have found from Gallagher's own testimony that the agreement provided for the transfer of 19 shares of stock on the books of Union Park Motors, Inc., to Margaret C. Kane, although no such transfer was actually made.

The Chancellor further found, and the evidence justified his conclusion, that by the 1946 agreement Gallagher was attempting to change the 1941 trust to the extent of disposing of the same 19 shares in fee instead of for life with an option to repurchase upon the death of Miss Kane. Accordingly he decided, we believe correctly, that the 1946 agreement was invalid and ineffective because the vested rights in the shares in the remaindermen under the 1941 trust could not be disturbed.

At the argument of this case appellant departed sharply from its theory of recovery in the court below and concentrated almost exclusively upon the proposition that the agreement of 1946 was a contract supported by valid consideration to transfer 19 shares of said stock in fee to Miss Kane. In such a case appellant contends that a court of equity would regard the equitable title to the shares as having been transferred and direct a transfer of the legal title in accordance with the terms of the contract. *Parsons v.*

*First Trust & Deposit Co.,* 158 *Misc.* 32, 286 *N.Y.S.* 60; *Belle Isle Corporation v. McBean,* 29 *Del.Chan.* 26, 49 *A.2d* 5; *Baker v. Bankers Mortgage Co.,* 15 *Del. Ch.* 209, 135 *A.* 486. And the 1946 agreement having reference to the same 19 shares constituting the corpus of the 1941 trust, it is appellant's position that deceased would have assigned her life estate in these shares under the former, in consideration for an outright transfer in fee of 19 additional shares under the latter agreement. But the Chancellor did not consider this phase of the case nor make any express finding as to whether the 1946 agreement was based upon a valid consideration. We think this is because the theory of the case now urged by appellant before this court was not presented to the Chancellor. Appellant's original briefs in the court below, and presumably his oral argument, did not deal with the question at all, and only in a supplemental brief filed after the oral argument do we find the proposition baldly stated without the citation of any of the authorities above noted.

██ Appellate courts generally will refuse to review matters on appeal not raised in the court below. *Trout v. Farmers Trust Co. of Newark* 19 *Del. Chan.* 437, 168 *A.* 208; *Stephenson v. Commonwealth & Southern Corp.,* 19 *Del. Chan.* 447, 168 *A.* 211, and because appellant's presentation of the case was not made in the lower court in a manner fairly calculated to put the Chancellor on notice of the theory now relied upon so strongly, we have no alternative but to affirm the Chancellor.

Whether or not appellant, by subsequent proceedings in Chancery, should be permitted to raise and litigate the issues presented by this appeal we do not pass upon. Compare *Rule* 80 *(b) of the Court of Chancery; Vol.* 30 *C.J.S., Equity, Bill of Review,* § 635.

Affirmed.