EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor under the Last Will and Testament of MARGARET C. KANE, deceased,

*vs.*

HUGH F. GALLAGHER.

*New Castle, March 9, 1953.*

*H. Albert Young* and *Stephen E. Hamilton, Jr.*, Wilmington, for plaintiff.

*Joseph Donald Craven* and *Frank J. Miller*, Wilmington, for defendant.

BRAMHALL, Vice-Chancellor: Equitable Trust Company, a corporation of the State of Delaware, Executor under the Last Will and Testament of Margaret C. Kane, deceased, filed a complaint in this court, asking that defendant account for certain shares of corporate stock, or, in the alternative, for the value thereof. The case was tried before Chancellor Harrington, who dismissed the com-

plaint in an opinion found in 31 *Del.Ch.* 88, 67 *A.2d* 50. Upon appeal to the Supreme Court the order of Chancellor Harrington was affirmed in an opinion found in 32 *Del.Ch.* 401, 77 *A.2d* 548. Upon motion for re-argument the Supreme Court awarded a new trial but ordered that the re-trial be limited to the question "whether the trust agreement of 1946 is a contract based upon valid consideration requiring the transfer in fee to the decedent's personal representatives of 19 shares of the stock of Union Park Motors, Inc." A complete statement of the facts will be found in the opinion of the Supreme Court and in the opinion of Chancellor Harrington above referred to.

On May 7, 1952, counsel for plaintiff and defendant filed with this court a written stipulation, reading, in part, as follows:

"It is further stipulated by the attorneys for the respective parties herein that the court shall decide the case on the basis of the pleadings, depositions, testimony, opinions of the supreme court and the briefs filed pursuant to the above brief schedule."

The mandate of the Supreme Court limited the scope of the new trial to the single question: Is the trust agreement of 1946 enforcible as a contract between the parties? Since my determination of this question must be bottomed upon the record of the previous trial, I conclude that I am bound by the findings of fact of Chancellor Harrington as set forth in his opinion and found by the Supreme Court to have been warranted.

It was found by the Chancellor from the record, and it was not disputed, that the trust agreement of 1946 was destroyed by the defendant. Without discussing in detail the testimony relative to this destruction, it is sufficient to say here that Chancellor Harrington held

"When a party to an instrument deliberately destroys it, the natural inference is that its provisions are against his interest. [Citations of authorities.] Under such circumstances, more liberality will usually be indulged in when considering the sufficiency of the proof of its provisions than in the case of a lost instrument." [31 *Del.Ch.* 88, 95, 67 *A.2d* 53.]

Two witnesses were called by the plaintiff to testify as to the destroyed agreement, William H. Kane, father of the deceased, and Eleanor M. Kane, a sister. According to the opinion of Chan-

cellor Harrington, the witness William H. Kane testified that the instrument, after referring to another stock certificate which is not important here, provided:

"After long years of faithful service and devotion to Union·Park Motors and Hugh F. Gallagher, its president, Margaret C. Kane is given 19 shares of Union Park Motors capital stock fee simple. In the event of Margaret C. Kane's death, her executors or heirs shall sell back Margaret C. Kane's stock to the Union Park Motors or to J. Harry Gallagher, Hugh F. Gallagher, Jr., Donald J. Gallagher at a price set by the president of the Equitable Trust. No individual (meaning the boys, I judge, his sons) shall receive more than 5 shares."

Chancellor Harrington further found that this witness repeated the agreement provided that the deceased "is given" 19 shares of Union Park Motors stock in fee simple and that upon the death of Margaret C. Kane, her "executors or heirs" should "sell back" the 19 shares of stock to Union Park Motors, Inc., J. Harry Gallagher, Hugh F. Gallagher, Jr., and Donald J. Gallagher (sons of defendant), at a price set by the president of the Equitable Trust Company. The Chancellor also found that the testimony of the witness Eleanor M. Kane was substantially to the same effect.

Plaintiff contends that consideration of the 1946 agreement as a contract between the parties was not raised at the trial, or, if it was raised, was not properly pressed and was not considered by Chancellor Harrington in his opinion. Although the record discloses that the court was requested to consider this agreement as a contract between the parties, this contention was not pressed, apparently in view of the fact that the evidence offered by the plaintiff was to the effect that the 1946 agreement constituted a gift of the stock to Margaret C. Kane. For the purpose of the consideration of this question, in accordance with the supplemental opinion of the Supreme Court, I shall assume the contention of plaintiff to be entirely correct.

Chancellor Harrington reconstructed the 1946 agreement in accordance with the testimony of plaintiff's witnesses. In this respect this testimony is not substantially disputed by any other witness. Plaintiff contends that the agreement was executed by defendant for the purpose of persuading Margaret C. Kane to continue as an employee of Union Park Motors, Inc., of which defend-

ant was president and the principal stockholder. The difficulty which I have with this contention is that there is absolutely nothing in the record to sustain it. The reasonable inference from the reconstructed agreement is that the deceased was being rewarded for past services. The record of the testimony in this case is in corroboration of this inference. In fact, it is not therein disputed.

Plaintiff contends, as I understand its contention, that since defendant destroyed the agreement, not only must every reasonable inference be drawn in favor of plaintiff, but that the court must also infer that the agreement created a contractual relationship between the parties. While admitting that the agreement as reconstructed by Chancellor Harrington does not show such a contractual relationship, defendant says that since the case was not originally tried on this theory, Chancellor Harrington's reconstruction of the agreement must be redrawn in the light of plaintiff's present contention. I do not agree. The agreement as reconstructed by Chancellor Harrington gave full effect to the testimony of plaintiff's witnesses. The Chancellor noted that all inferences must be favorable to plaintiff. The proof offered by plaintiff will not sustain a finding that there was any contractual relationship between the parties or that there was any legal consideration given by Margaret C. Kane for the stock in defendant's corporation. In fact, all of the testimony offered by plaintiff clearly tends to prove that the stock was a gift from defendant to Margaret C. Kane.

The effect of spoliation of an instrument is persuasive rather than probative and cannot be invoked as substantial proof of facts concerning which there is no testimony but which are essential to plaintiff's case. *Walker v. Herke*, 20 *Wash.2d* 239, 147 *P.2d* 255. The spoliation of a document is not an admission that it would prove all that is claimed respecting its contention; it is merely a circumstance warranting a strong inference against the despoiler. *Ellis J. Gomez & Co. v. Hartwell*, 97 *Vt.* 147, 122 *A.* 461. See *Jones on Evidence, (Horwitz Ed.) Vol.* 1, § 18, *p.* 120.

This case was tried before Chancellor Harrington on the theory that the transfer of the stock of defendant's corporation was a gift. The testimony offered by plaintiff tended to sustain such contention. Noting that the defendant was a despoiler, Chancellor

Harrington gave full force and effect to the testimony of plaintiff's witnesses. Now, after the decision was rendered against him, plaintiff asks this court, based upon the same record as that of the original trial, to say that because of the destruction of the agreement this court must now assume that the agreement constituted a contract between the parties and not a gift, as heretofore contended. There is nothing in the testimony to substantiate such a contention. I cannot accept the fact that defendant destroyed the agreement as sufficient evidence to contradict the testimony of plaintiff's own witnesses and to supply an omission as to which the record is wholly silent. I therefore conclude that the 1946 agreement is not enforcible on contract principles.

An order will be signed, on notice, in accordance with this opinion.