EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor under the last will and testament of Margaret C. Kane, deceased,

*vs.*

HUGH F. GALLAGHER.

*New Castle, May 12, 1953.*

*H. Albert Young* and *Stephen E. Hamilton, Jr.*, Wilmington, for plaintiff.

*Joseph Donald Craven* and *Frank J. Miller*, Wilmington, for defendant.

BRAMHALL, Vice Chancellor: The motion is based upon an alleged error in the finding of former Chancellor Harrington in which he found as a fact that an agreement entered into between the defendant and deceased in 1946 was an attempt to change or alter a former agreement entered into in 1941. It was provided in the agreement of 1941 for the gift of certain shares of stock of defendant's corporation to deceased for life, the remainder to the children of defendant; in the 1946 agreement, as determined by Chancellor Harrington, defendant to give to deceased an absolute interest in the same stock named in the 1941 agreement, with a provision as to repurchase upon the death of deceased. (31 *Del. Ch.* 88, 67 *A.2d* 50.) An appeal was taken from the decision of Chancellor Harrington to the Supreme Court and the Supreme Court in its opinion specifically held that the evidence justified the conclusion of the Chancellor. (32 *Del.Ch.* 401, 77 *A.2d* 548.)

The question before me is therefore one which has been determined by Chancellor Harrington after a full hearing and in which his finding of fact in this respect has been specifically affirmed by the Supreme Court. By stipulation, the record before me is the record of the trial before Chancellor Harrington. No additional evidence of any kind has been presented. As I view plaintiff's motion, it is a motion to amend a finding of not only this court but also of the Supreme Court. Assuming that plaintiff may proceed under *Rule* 60(*b*), an assumption which I question,

there is nothing before me other than the record of the previous trial upon which I can base my finding. I am bound by the finding of fact of Chancellor Harrington, affirmed by the Supreme Court, that both agreements referred to the same stock.

■ I am also of the opinion that no evidence has been offered in this case upon which plaintiff may proceed under *Rule* 60(*b*). As I interpret *Rule* 60(*b*), before a court may grant relief under this rule there must be presented some evidence sufficient to justify a court in setting aside its former decree. These matters usually refer to some error apparent upon the face of the record, newly discovered evidence, new matter arising since the decree, fraud, misrepresentation or other misconduct. In this case nothing has been presented other than the record of the former trial. That judgment was not a judgment of default, but was rendered after a full hearing of all the evidence. I therefore conclude that plaintiff has not presented any evidence under *Rule* 60(*b*) upon which this court may take action.