O’Neill, J.
The appellees have filed a motion to dismiss this appeal for want of prosecution upon the ground that the appellant is in violation of certain rules of practice of this court in that the appellant failed to attach to its brief a two-page “supplemental opinion” which corrected a mistake in the basic opinion of the Probate Court (this was later filed prior to oral argument, with copies to all counsel of record) and failed to include record references in the assignment of errors.
The court finds no serious breach of the rules of this court and further finds that no party has been prejudiced by the alleged rule violations.
The motion to dismiss this appeal for want of prosecution is hereby overruled.
The appellees contend that this appeal should be dismissed on the ground that the Court -of Appeals abused its discretion in vacating its initial judgment not within term. This court decided this question in favor of the appellant, upon the allowance of the motion to certify in this case.
The appellees contend that, so far as Helen Louise Johnston and William Kurtz Foresman are concerned, the appellant has shifted from a claim of legal title to the stock to a claim of equitable title, that the assignment of errors to the Court *564 of Appeals differs from the assignment of errors presented to this court, and that the question of equitable title was not before the Court of Appeals and, therefore, can not be brought before this court.
A careful reading of the petition of the trustee filed in the Probate Court for the construction of the Foresman will makes it clear that the theory of this cause has not been changed since its beginning. The trustee recognizes that legal title exists in the trustee and seeks direction from the court as to whom such legal title should now be transferred under the terms of the will. This requires a determination of the equitable ownership of the corpus, as the equitable owner would be entitled to conveyance of the legal title held by the trustee. The only question then before the Probate Court and the Court of Appeals was: Who, as equitable owner of the trust res, is now entitled to a conveyance of the legal title to that property1?
The question which is raised by the judgment of the Court of Appeals is whether the Uniform Stock Transfer Act is applicable to the transfer of the equitable or beneficial ownership or interest in the 80 shares of bank stock which formed the res of this trust.
The answer to this question is found in the Uniform Stock Transfer Act itself. Section 1705.04, Revised Code, provides as follows:
‘ ‘ Title to a certificate and to the shares represented thereby can be transferred only by #
Section 1705.01, Revised Code, defines the words, title and transfer, as used in Section 1705.04, Revised Code, as follows:
“ ‘Transfer’ means transfer of legal title.
“ ‘Title’ means legal title and does not include a merely equitable or beneficial ownership or interest.” •
This language makes it unmistakedly clear that the Uniform Stock Transfer Act applies to the transfer of legal title and does not apply to the transfer of the equitable or beneficial ownership or interest.
The appellees, Helen Louise Johnston and William Kurtz Foresman, contend that their conveyances are not binding against them, since the interest they attempted to convey was inalienable as a contingent remainder. No such argument can *565 be made with respect to the interest conveyed in 1950 by "William B. Foresman to the appellant, since Section 2131.04, Revised Code, enacted in 1932, expressly makes estates of all kinds alienable in Ohio.
A future interest, whether contingent or executory, is alienable. This was the rule in Ohio even prior to the enactment of Section 2131.04, Revised Code, in 1932. Lessee of Thompson v. Hoop (1856), 6 Ohio St., 480; Needles, Exr., v. Needles (1857), 7 Ohio St., 432; Thomas v. Trustees (1904), 70 Ohio St., 92.
The text writers have endorsed such a rule, particularly where the future interest is in personalty preceded by an interest in trust, as here. Simes & Smith, Law of Future Interests, 167, Section 1857; 2 Scott on Trusts (2 Ed.), 986, Section 132; Bogert on Trusts and Trustees, Section 188; Restatement of the Law of Trusts (2d), (Rev. Ed.), 1959, Sections 132 and 129. See W. B. Saunders Co. v. Galbraith (1931), 40 Ohio App., 155, 159.
The principle regarding the transferability of equitable property interest was recognized by this court in Lozier v. Lozier (1919), 99 Ohio St., 254, 257. See, also, First National Bank of Cincinnati, Exr., v. Tenney (1956), 165 Ohio St., 513; Cleveland Trust Co., Trustee, v. White (1938), 134 Ohio St., 1.
Equitable or beneficial ownership and interest in securities is alienable and may be conveyed. See Stuart v. Sargent (1933), 283 Mass., 536, 186 N. E., 649; Martindell v. Fiduciary Counsel, Inc. (1943), 133 N. J. E., 408, 30 A. (2d), 281; Equitable Trust Co., Exr. v. Gallagher (1949), 31 Del. Ch., 88, 67 A. (2d), 50, affirmed, 32 Del. Ch., 401, 77 A. (2d), 548; Whitney v. Nolan (1937), 296 Mass., 419, 6 N. E. (2d), 386; Orpheum Building Co. v. Anglim (1942), 127 F. (2d), 478, 481. This rule has been announced also in Ohio in Andrews v. Watson (1887), 12 C. D., 686 and 692, affirmed without opinion in 51 Ohio St., 619, where the Circuit Court held, in the fifth paragraph of the headnotes :
“The legal title to stock must be transferred on the books or by assignment of certificate, although the equitable title may be otherwise transferred.”
The appellees had an equitable or beneficial ownership *566 or interest in the 80 shares of bank stock of the Second National Bank of Cireleville under the terms of the will of William Foresman. Under the law, such interests are transferable. The language of each of the conveyances by the appellees makes it clear that they intended to and did transfer their equitable interest, the language of each conveyance being in part that the conveyance was of “their right, title and interest in the bank stock * * * arising under item 19 of the will of William Foresman.” Such bill of sale contains additional language which destroys the appellees’ arguments that these instruments only conveyed appellees’ nonexistent legal title to the stock, the legal title being in the trustee. Each instrument provides: “And the vendors and assignors do further by these presents sell, transfer, assign and set over unto said * * * [United Mercantile Agencies] any and all interest which they now have or which may hereafter accrue unto them in and to any stocks, bonds, securities, funds or investments into which said bank stock may be converted by the trustees in item 19 of said will * * *.”
The only interest these appellees had in the trust res of bank stock was equitable. This was transferable and they transferred it.
Under the law, the Uniform Stock Transfer Act has no application to such a transfer. Upon termination of the trust, the trustee, under the terms of item 19 of the will of William Foresman, must convey legal title to the trust res to the equitable owner, the appellant.

Judgment reversed.

Zimmerman, acting C. J., Grieeith, Taet, Matthias and Bell, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Grieeith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Zimmerman, J.