**AETNA INSURANCE COMPANY, a corporation incorporated under the laws of the State of Connecticut**

v.

**Lester C. NEWTON et al.**

**Appeal of C. F. SCHWARTZ, INC.**

**No. 19370.**

United States Court of Appeals, Third Circuit.

Argued Sept. 27, 1971.

Decided March 10, 1972.

**656**

John J. Schmittinger, Schmittinger & Rodriquez, Dover, Del., for appellant.

Roger Sanders, Prickett, Ward, Burt & Sanders, Wilmington, Del., for appellee, Aetna Ins. Co.

E. Dickinson Griffenberg, Jr., Potter, Anderson & Corroon (Michael D. Goldman, Wilmington, Del., on the brief), for Continental Ins. Co., appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge and HERMAN, District Judge.

## OPINION OF THE COURT

SEITZ, Chief Judge.

The facts precipitating this appeal are extensively set forth in Aetna Ins. Co. v. Newton, 398 F.2d 729 (3d Cir. 1968).

Aetna Insurance Company (Aetna), as insurer for the Lester C. Newton Trucking Co. (Newton) filed a complaint seeking a declaratory judgment that C. F. Schwartz, Inc. (Schwartz) or its insurer Continental Insurance Company (Continental) was liable for amounts paid by Aetna to the Campbell Soup Company as reimbursement for damage to Campbell's property occurring while in transit. The shipment initiated with Schwartz and was transported through Newton's I.C.C. territory pursuant to a Master Interchange Agreement existing between Schwartz and Newton. The loss occurred in Newton's territory and liability therefor essentially turns on what effect is given particular provisions of that agreement.

A previous appeal to this court was dismissed because the district court's order, 274 F.Supp. 566, failed to dispose of the litigation as to all the parties. At that time the court had granted Aetna summary judgment against Schwartz. We remanded the proceeding with directions that a decision be made concerning Continental's responsibility to reimburse Schwartz. The district court, 315 F. Supp. 860, then granted Continental's motion for summary judgment and this appeal followed.

As noted in our earlier opinion the rights and obligations of the various parties appear to hinge to a large extent on a determination of whether the indemnity provision of the Master Interchange Agreement between Schwartz and Newton was operative on the date when the Campbell shipment was damaged. Indeed, as Schwartz itself concedes, "if Clause 4 C (2) of the . . . Agreement . . . was in effect on July 27, 1963, [Schwartz] is obligated to pay for the cargo loss." Appellant's Reply Brief at 2. Clause 4 C (2) provides,

inter alia, that the initiating carrier (Schwartz) shall "[i]ndemnify and save harmless the receiving carrier (Newton) against any claim by whomsoever filed . . . for loss or damage to any shipment. . . . " Schwartz sought to introduce parol evidence suggesting that both parties to the agreement understood that effectuation of clause 4 C (2) was to be delayed pending assurance from Continental that any loss suffered by Schwartz pursuant to the agreement would be insured. The district court ruled that this evidence would be inadmissible, saying that such contradiction of the otherwise clear terms of the agreement which made clause 4 C (2) effective as of the date of signature would violate the parol evidence rule.

Schwartz contends that the district court's parol evidence ruling was erroneous. Its position is that the condition precedent exception to the parol evidence rule permits proof that effectuation of "clause 4 C (2) of the Master Interchange Agreement was subject to a condition precedent at the time of the loss in question."

Section 241 of the Restatement of Contracts phrases the condition precedent exception as follows:

"Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that *it* shall not become binding until a future day or the happening of a future event, the oral agreement is operative *if there is nothing in the agreement inconsistent therewith.* (Emphasis added)

See also Equitable Trust Co. v. Gallagher, (Del.Super.) 31 Del.Ch. 88, 67 A.2d 50, 55 (1949), aff'd 32 Del.Ch. 401, 77 A.2d 548 (1950). It may be noted that the exception does not purport to authorize parol proof that implementation of only specific provisions of an otherwise integrated agreement was to be deferred. Nor have we been presented with any cases adopting Schwartz' position under circumstances such as exist in this case. To admit evidence tending to prove that the operation of clause 4 C (2) was subject to a condition precedent while the remaining provisions became effective immediately would ignore the import of other clauses in the agreement. Regardless of Schwartz' observation that the various provisions "could have been separately negotiated and separately reduced to writing," the fact remains that the agreement was a self-contained document. Clause 4 D (5) provides that the Agreement as written constituted "the entire *agreement* between the parties." Clause 4 D (6) provides that the Agreement was "for a period of one year from the date hereof *and shall continue in effect* from year to year. . . ." The date of the Agreement was April 18, 1963, and the record is clear that both parties treated this as the date when the agreement took effect. To entertain Schwartz' offer of evidence tending to establish that implementation of clause 4 C (2) alone was referred is to contradict the clear and generalized language of 4 D (6). Since the evidence of such a condition precedent is inadmissible, it follows that clause 4 C (2) did control at the time of the loss. The district court therefore correctly awarded summary judgment to Aetna against Schwartz.

Having determined that the district court properly found that Schwartz and not Newton was liable to Aetna for amounts it had paid to Campbell, we must now decide whether the trial court properly determined that any amounts which Schwartz pays Aetna will not be recoverable by Schwartz from its insurer Continental. The district court noted that Schwartz' liability "rested solely upon" the Master Interchange Agreement and that "Continental's obligation to indemnify Schwartz was limited to liabilities of Schwartz arising because of its status as a common carrier or because of its issuance of bills of lading or shipping receipts . . ." The court concluded that "[i]t [could] not be supposed that simply because Schwartz was a common carrier it expected to obtain

or Continental intended to provide indemnification against any contractual liability with respect to damaged goods which Schwartz saw fit to assume as an incident to its transportation services. . . . Schwartz' claim against Continental was beyond the coverage of the policy."

■ In general this analysis satisfactorily disposes of Schwartz' argument concerning Continental. However, one particular contention raised on appeal does deserve separate consideration. Citing the Carmack Amendment, 49 U.S.C. §§ 319(a), 20(11), 20(12), Schwartz points out that, being the "initial carrier" of the damaged shipment, it was primarily liable under § 20(11) "as a common carrier" and, therefore, should recover on its policy with Continental. This argument, however, neglects to consider § 20(12) which provides:

"The [initiating] carrier . . . shall be entitled to recover from the common carrier . . . on whose line the loss, damage, or injury shall have been sustained. . . ."

In effect, this section grants the initial carrier, which pursuant to § 20(11) has compensated the owner of damaged goods, a cause of action over against the connecting carrier operating in the territory where the particular loss occurred. Had Continental been required to reimburse Schwartz for damages paid to Campbell Soup Company under § 20(11), paragraph 12 of the Continental-Schwartz insurance policy, providing for subrogation, would have accorded Continental an action over against Newton consequent to § 20(12). The Master Interchange Agreement precluded this recourse, however. It restricted liability to the initial carrier exclusively. By entering into such an agreement without Continental's consent Schwartz unilaterally deprived Continental of subrogation rights against Newton which it otherwise would have had. Consequently, Continental is not required to reimburse Schwartz for damages owing to Aetna as Newton's insurer. See 6 J. Appleman, Insurance Law & Practice, § 4093 (1942); 16 G. Couch, Cyclopedia of Insurance Law, § 61.192 (2d ed. 1966).

The orders of the district court awarding summary judgment in favor of Aetna and Continental and against Schwartz will be affirmed.