# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KELLY SPANABEL,      )
         Appellant,     )
                      )
     v.                    )
                      )   C.A. No. N21A-08-002 VLM
DELAWARE THOROUGHBRED    )
RACING COMMISSION,        )
         Appellee.      )

## ORDER

Submitted: May 06, 2022
Decided: July 13, 2022

*Upon Consideration of Appellant's Appeal of the Decision of the Delaware Thoroughbred Racing Commission*,

**AFFIRMED**.

Kelly Spanabel, *Pro Se*.

Adria B. Martinelli, Esquire, Department of Justice, Wilmington, DE.
*Attorney for Appellee Delaware Thoroughbred Racing Commission*.

**MEDINILLA, J.**

# I. INTRODUCTION

Appellant, Kelly Spanabel ("Appellant"), appeals a decision of the Appellee Delaware Thoroughbred Racing Commission (the "Commission") that found Appellant committed acts of forgery and perjury and suspended her from the 2021 Delaware Park race meet.  Upon consideration of the arguments, submissions of the parties, and the record in this case, the Court hereby finds as follows:

1.      Appellant was licensed as a horse trainer in the State of Delaware by the Commission.  A complaint was filed with the Board of Stewards (the "Stewards") on May 28, 2021, regarding allegations of forgery as to the ownership of a horse named Quality Too Spare.[1]  A hearing was held by the Stewards on June 10, 2021, and Appellant was given until June 18, 2021, to produce certain documents.[2]

2.      The Stewards reviewed Appellant's documents on June 25, 2021, and found she provided a forged document of Power of Attorney for Quality Too Spare, dated December 1, 2019.[3]  On June 30, 2021, after considering all evidence and documents submitted in the matter, the Stewards suspended Appellant's training

---

[1] *See* Record, Stewards Ex. 1, at 9 (Letter dated May 28, 2021).
[2] Record, Stewards Ex. 1, at 3 (Stewards Ruling 50-2021).
[3] *Id.*

license from June 28, 2021, through October 16, 2021, for falsifying documents and false swearing which amounted to perjury.[4]

3.     Appellant, with the assistance of counsel, appealed the Stewards' decision to the Commission and her suspension was stayed during the pendency of the Commission's review.[5] An evidentiary hearing was held before the Commission on August 18, 2021[6] and on September 14, 2021, the Commission upheld the Stewards' suspension to begin on September 1, 2021, until October 30, 2021.[7]

4.     On August 24, 2021, Appellant filed a notice of appeal with this Court and requested expedited consideration for a stay. Appellant's request for a stay was denied on August 26, 2021. On April 5, 2022, the Court granted the parties' request to extend the briefing schedule. Briefs were filed on March 16, April 12, and April 27, 2022. This matter was assigned to this Court on May 4, 2022. This matter is now ripe for decision.

## II.     STANDARD OF REVIEW

5.     On an appeal from an administrative agency, this "[C]ourt must determine whether the findings and conclusions of the agency are free from legal error" and whether they are "supported by substantial evidence in the record."[8]

---

[4] *Id.* at 3–4.
[5] Record, Stewards Ex. 1, at 7 (Amendment to Stewards Ruling 50A-2021).
[6] *See* Record, Hearing Transcript dated Aug. 18, 2021 [hereinafter Hearing Transcript].
[7] Record, Request for Emergency Appeal, Amendment B to Stewards Ruling 50B-2021, at 2.
[8] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9]  The Court does not "weigh the evidence or make determinations based on credibility or facts."[10]  Absent an abuse of discretion by the agency, this Court will uphold its determination.[11]

## III.  DISCUSSION

6.     In support of Appellant's position that the Commission's decision should be reversed, she asserts eight arguments: (1) lack of jurisdiction; (2) violation of her Due Process rights; (3) lack of evidence that the Power of Attorney document was forged; (4) impermissible character evidence; (5) violation of Sixth Amendment right to an impartial jury; (6) violation of Sixth Amendment Confrontation Clause; (7) violation of Fifth Amendment Double Jeopardy Clause; and (8) failure to follow precedent.[12]  The Court addresses each argument, though not in order.

7.     First, Appellant argues that the Commission lacked jurisdiction to decide this issue.  Specifically, that because Quality Too Spare was sold in Kentucky[13] and the alleged forged documents were not executed in Delaware, then this civil matter was not within the jurisdiction of the Commission.[14]

---

[9] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries, Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[10] *Id.* (citing *Johnson v. Chrysler Corp.*, 203 A.2d 64, 66 (Del. 1965)).

[11] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[12] *See generally* Appellant's Opening Brief, D.I. 18 [hereinafter Opening Brief].

[13] *See* Reply Brief, D.I. 23, at 1 [hereinafter Reply Brief].

[14] *See id.*; Opening Brief, at 6.

8.     The Commission's jurisdiction to suspend or revoke a license it issued is conferred by 3 *Del. Admin. C.* § 1001 (5.5.1) which states: "[a]ny license issued by the Commission shall be subject to suspension or revocation by the Commission for any cause whatsoever which the Commission may deem sufficient."[15]  Such action by the Commission is then subject to review "by the Superior Court of the county within which the license was granted."[16]  The location of the subject matter which led to the Commission's action is immaterial.  Further, the only authority cited by Appellant in support of her position is legally distinct and irrelevant.[17]  Accordingly, the Commission's jurisdiction to suspend Appellant's license is conferred by the Delaware Administrative Code and this Court has jurisdiction to decide this appeal.[18]

9.     Appellant then argues that the Commission violated evidentiary rules, specifically relevance relating to the forged document,[19] improper character evidence,[20] and hearsay[21].  The Rules of Evidence at administrative hearings are

---

[15] 3 *Del. Admin. C.* § 1001 (5.5.1).
[16] 3 *Del. Admin. C.* § 1001 (5.5.3).
[17] Appellant cites to *Helix Generation LLC v. Transcanada Facility USA, Inc.*, 2019 WL 2068659 (Del. Ch. May 10, 2019) (discussing limited jurisdiction in the Court of Chancery for a breach of contract claim and applying legal authority that is inapplicable here).
[18] Neither party asserts this Court lacks jurisdiction to hear an appeal of the Commission and the only license application available for review was issued in the same county in which this Court sits.  *See* Record, Stewards Ex. 4, Renewal License Application, at 23.
[19] Reply Brief, at 8.
[20] Opening Brief, at 9.
[21] *Id.* at 2.

relaxed.[22]  Moreover, Appellant was represented by counsel at the hearing and no such objections exist in the record.[23]  It is well-established under Delaware law that a Court cannot consider an issue on appeal where that same issue was not raised in the lower tribunal.[24]  Therefore, these arguments are waived and will not be considered by this Court.

10.  Next, Appellant makes several arguments which are not applicable to the matter presently before this Court, namely her Constitutional claims. Specifically, she contends four Constitutional rights were violated: (1) Fifth Amendment Double Jeopardy; (2) Sixth Amendment right to an impartial jury; (3) Sixth Amendment Confrontation Clause; and (4) Fifth Amendment Due Process.

11.  At the outset—double jeopardy,[25] the right to an impartial jury,[26] and the right to confront your accuser[27] only apply in criminal matters and are therefore not applicable in an action before the Commission.  Moreover, the hearing held

---

[22] "[I]t is well-settled that 'administrative agencies operate less formally than courts of law.'" *See Leonard v. Delaware Bd. of Nursing*, 2013 WL 422904, at *4 (Del. Super. Jan. 30, 2013) (quoting *Conley v. Capitol Homes, Inc.*, 2006 WL 2997535, at *7 (Del. Super. Aug. 31, 2006)); *see also id.* ("[I]t follows that . . . 'the Rules of Evidence do not strictly apply to evidentiary hearings.'") (quoting *Tenaglia-Evans v. St. Francis Hosp.*, 913 A.2d 570, 2006 WL 3590385, at *3 (Del. Dec. 11, 2006) (TABLE)).

[23] *See* Hearing Transcript.

[24] *See, e.g.*, *Equitable Trust Co. v. Gallagher*, 77 A.2d 548, 550 (Del. 1950); *Pfeiffer v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 7062498, at *8 (Del. Super. Dec. 20, 2011).

[25] *See, e.g.*, U.S. Const. Amend. V; Del. Const. Art. I § 8; 11 *Del. C.* §§ 206-210; *Blake v. State*, 65 A.2d 557 (Del. 2013).

[26] *See* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . .").

[27] *See* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right. . . to be confronted with the witnesses against him . . . .").

before the Stewards on June 10, 2021, was conducted before three Stewards[28] in accordance with the rules of the Commission.[29]

12. Appellant's final Constitutional claim essentially argues that the Commission violated her due process rights where it continued to investigate the allegations against her after receiving letters purporting to withdraw any accusations.[30] She asserts that the subsequent letters rendered the initial complaint "null and void,"[31] citing only to the Fifth Amendment for support. This claim is without merit. Appellant was afforded a hearing to ascertain the factual accuracy of any statements made against her.

13. Finally, Appellant claims that the Commissioner's ruling is improper because it violated precedent in that she received a temporary suspension whereas in two other forgery considerations before the Commission the individuals only received monetary fines.[32] Regardless of whether such a statement is factually true, this is not the proper standard for this Court's consideration. The question before this Court is whether the Commission's decision is "supported by substantial evidence in the record."[33]

---

[28] *See* Record, Stewards Ex. 1, at 4 (Stewards Ruling 50-2021) (signed by three Stewards).
[29] *See* 3 *Del. Admin. C.* § 1001 (19.1.4) ("The hearing shall be conducted by no less than two of the Stewards . . . . ").
[30] Opening Brief, at 7.
[31] *Id.* at 2.
[32] *Id.* at 13.
[33] *Wilson*, 2011 WL 3243366, at *2 (citing *Martin*, 431 A.2d at 1266).

14.    Under Delaware law, when a hearing is conducted by an agency "[t]he burden of proof shall always be upon the applicant or proponent."[34]  As the applicant in all proceedings before the Commission, Appellant bore the burden of establishing a valid legal interest in Quality Too Spare.  The Commission determined Appellant was subject to discipline under 3 *Del. Admin. C.* § 1001(2.5.1.20),[35] (5.5.1),[36] and (5.7.9).[37]

15.    In so deciding, the Stewards found Appellant provided a forged document of Power of Attorney over Quality Too Spare dated December 1, 2019.[38] This finding was made following a hearing and after the notary public whose seal appeared on the form notified the Stewards that she "did not sign that document" and it appeared that the date was altered from the document the notary had signed on June 11, 2021.[39]

16.    On appeal, the Commission held an evidentiary appeal hearing on August 18, 2021, where Appellant was represented by counsel.  In its written

---

[34] 29 *Del. C.* § 10125(c).
[35] *See* 3 *Del. Admin. C.* § 1001 (2.5.1.20) ("Past or contemplated conduct or utterance which, does or may adversely affect, whether intentionally or unintentionally, and whether in fact or only seemingly, the public's confidence in the reputation Thoroughbred racing heretofore has enjoyed in Delaware for stringent adherence to uncompromising standards of honesty, integrity and propriety.").
[36] *See* 3 *Del. Admin. C.* § 1001 (5.5.1) ("[a]ny license issued by the Commission shall be subject to suspension or revocation by the Commission for any cause whatsoever which the Commission may deem sufficient.").
[37] *See Del. Admin. C.* § 1001 (5.7.9) ("False swearing on the part of any witness shall be deemed perjury and shall be punished as such.").
[38] Record, Stewards Ex. 1, at 3 (Stewards Ruling 50-2021).
[39] Record, Stewards Ex. 1, at 30 (Email from Notary Public Joanne Hickey dated June 18, 2021).

8

decision upholding the Stewards' decision to suspend Appellant's license, the Commission considered Appellant's inability to produce evidence that the December 1, 2019, document was not a forgery.[40] The Commission also considered various aggravating circumstances which support an enhanced penalty and found this information to be credible.[41]

17. Appellant failed to provide evidence that the December 1, 2019, document was not forged, despite being provided with multiple opportunities to do so. Although Appellant asserts that the complaint was effectively "withdrawn" after the horse's owner attempted to claim he had authorized Appellant as his authorized agent in 2018, this argument is unavailing. Appellant provided an unauthenticated document to the Commission that did not carry the day. Accordingly, sufficient evidence exists in the record for the Commission to find that Appellant produced a forged document amounting to perjury under 3 *Del. Admin. C.* § 1001.

18. The Commission further found an enhanced penalty was warranted. The Chief State Steward for the Delaware Thoroughbred Racing Commission testified before the Commission that the Stewards considered multiple factors when imposing Appellant's discipline, including aggravating factors such as prior

---

[40] Record, Commissions Final Decision, ¶¶ 3-8 [hereinafter Final Decision].
[41] *Id.* ¶¶ 9-11.

hearings and rulings[42] and her hindering the investigation.[43]   The Commission considered the Steward's decision, and found the provided information to be credible and supportive of Appellant's penalty.[44]   Substantial evidence supports the Commission's decision.

19.   The record supports the Commission's decision to suspend Appellant's license under 3 *Del. Admin. C.* § 1001.  The Commission did not abuse its discretion and there is no error of law.  For the foregoing reasons, the Commission's decision is **AFFIRMED**.

**IT IS SO ORDERED**.


/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[42] *See* Hearing Transcript, at 27:4-36:9 (discussing prior complaints involving Appellant).
[43] *Id.* at 46:5-22.
[44] *See* Final Decision, ¶ 11.