JOHN GILPIN HIGHFIELD, Register of Wills, in and for New Castle County in the State of Delaware, for the use of the State of Delaware, *v.* EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, and GEORGE H. MCGOVERN, Executors under the last will and testament of Mary R. Latimer, deceased, ROBERT C. LATIMER and ELIZABETH B. WALES.

510

(*June* 23, 1931.)

RODNEY, J., sitting.

*William H. Foulk* for plaintiff.

*Leonard E. Wales* for defendants.

Superior Court for New Castle County, No. 163, November Term, 1930.

RODNEY, J., delivering the opinion of the court:

Mary R. Latimer created the trust some three years before her death and the fund itself comprised but an inconsiderable portion of her total estate. There is no contention in this case as to the application of the words "in contemplation of death." The sole question arises from a consideration of the taxability of the fund as a "gift  *  *  *  intended to take effect in possession or enjoyment after the death of the  *  *  *  donor."

Of course, even a casual reading of the statute in connection with the facts of the case immediately discloses that under the terms of the trust the respective amounts are not actually payable to the several beneficiaries until the death of Mary R. Latimer, the donor, and to this extent the gift was intended to take effect in enjoyment after the death of the donor. The question to be determined is whether this is the real meaning of the Act.

After deleting the qualifying words, the Delaware statute, insofar as this case is concerned, makes taxable all property belonging to a resident of this State at the time of his or her death. A crucial word of the statute is the word "belonging." The statute can only apply to that property of a decedent in which he or she had a right, interest or estate at the time of death. In the instant case the death of Mary R. Latimer must have marked the conclusion of some interest which she had in the property sought to be taxed. It is not sufficient that her death shall have merely marked the beginning of the actual vesting of the beneficial interest of the designated parties because the tax accrues, if at all, because of the

death of Mary R. Latimer and is specifically based upon property "belonging" to her.

The plaintiff, realizing that, in order to make the fund taxable, some right or interest must have remained in Mary R. Latimer at the time of her death, argues that the trust was revocable by her and, therefore, the required interest existed. This revocable character of the trust exists more in argument than in fact. It is argued that the trustee was the agent of Mary R. Latimer, the settlor of the trust, because it held bonds of hers for the payment of the checks. Attention, however, need only be drawn to the fact that the trustee had full power to sell the securities and hold the proceeds. The trust being established the relation between the trustee and *cestuis que* trust did not rest upon any foundation of agency. The trust was an active one and the securities were provided for the payment of the checks and placed in the hands of the trustee and these securities, in Miss Latimer's lifetime and with her knowledge and consent were converted by the trustee into cash. No interest from the securities or from the fund realized from their sale was reserved or received by Miss Latimer from the date of the trust and during the remainder of her life. No power of revocation was reserved by Miss Latimer or appears in the trust agreement. No suggestion of mistake or misunderstanding, duress or coercion, fraud or undue influence have been made and neither Miss Latimer in her lifetime nor her personal representatives since her death have sought to revoke the trust. This court can find no principle upon which it could base a conclusion that the trust was revocable. The authorities on the question of revocation or cancellation of a voluntary trust are collected in a note to 38 *A. L. R.* 941.

If Miss Latimer had provided that the beneficial interest or income should be paid to A. B. during the life of her, the said Mary R. Latimer, and after her death, that the entire trust estate should be paid to A. B. or C. D., could the fund by any possibility be taxable? Mary R. Latimer would have had no interest in the property after the creation of the trust; the title and possession of the *corpus* of the trust would have passed at that time from Mary R. Latimer to the trustee and the death of Miss Latimer simply marked

the termination of the trust. The suggested case differs from the one at bar only in respect to the income during the life of Miss Latimer and in the trust created by her there was no reservation of any income by or to her during her life.

The Federal Estate Tax Act (26 *U. S. C. A.*, §§ 1091-1121) and the Delaware Inheritance Tax Act differ in their theories and purposes. The Federal act does not levy a tax on any individual legacies, distributive shares or similar rights nor on the right of any individual beneficiaries to receive them, but on the right of the decedent to have the interest or estate transmitted. The Delaware act on the contrary levies the tax on the right of an individual to receive the specified right or interest and the tax is based on the amount thereof. Because, however, each act uses the same language and makes taxable the interest "intended to take effect in possession or enjoyment after the death of the donor" so the construction of these words by the Federal courts has a close application in the present case.

In a case involving the analogous Federal Estate Tax Act the Supreme Court in *Reinecke v. Northern Trust Co.*, 278 *U. S.* 339, 49 *S. Ct.* 123, 125, 13 *L. Ed.* 410, 66 *A. L. R.* 397, said:

"One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a *gift inter vivos*, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language, to justify so incongruous a result and we think it is wanting in the present statute."

No reasons are apparent which would prevent the operation of the transactions now considered as operating as valid *gifts inter vivos*. The essential elements of a *gift inter vivos* seem to be a donor competent to make it; freedom of will on his or her part; an intention to make it; a donee capable of taking the gift; the gift must be complete and nothing left undone; the property must be delivered by the donor and accepted by the donee; the gift must go into immediate and absolute effect, must be gratuitous and irrevocable. *Thornton on Gifts and Advancements*, 2; 28 *C. J.* 626.

The requirements that the gift go into immediate and absolute effect is met by the intervention of the irrevocable trust. Chancellor Bates in *Robson v. Robson's Adm'r*, 3 *Del. Ch.* 51, at page 62, quoted 2 *Kent, Com.* 354, *"Gifts inter vivos* have no reference to the future and go into immediate and absolute effect." He then says:

"It is true * * * that under a *gift inter vivos* a party may take a benefit to accrue at a future day—it may be at the donor's death. But this can be only through the instrumentality of a trust created either in a third person or in the donor. The effect of creating the trust is to divest at once the former property of the donor in the thing so given. Such a gift is no less immediate than in the ordinary case."

It is urged by the plaintiff, and indeed is the chief contention, that a check or note which is not payable until the death of the donor is not valid as a *gift inter vivos*. In support of this proposition many cases are cited, many of them being collected in the notes to 27 *L. R. A.* (*N. S.*) 308 and *L. R. A.* 1918C, 340. The great weight of authority sustains such contention, but the application of that principle to the present case is not clear. The underlying principle in the conclusion that a promissory note payable at the death of the maker is not valid as a *gift inter vivos* is based upon the foundation that the note is merely a promise to make the gift in the future. A check of the donor payable at his death is not ordinarily valid as a *gift inter vivos* because it is a mere order in favor of the donee and when given without consideration may be revoked by the maker.

A gift of the donor's own check to another person is ordinarily good as a *gift inter vivos* only when presented and paid prior to the donor's death. Occasionally a gift of a donor's check has been held good as an *inter vivos gift* if presented prior to the donor's death but not paid until after the death had occurred. *Bromley v. Brunton, L. R. 6 Eq.* 275. Such gifts are defeated when the presentment and payment are delayed until after the death of the donor because such death itself stopped the payment.

None of these principles can be applied in the present case. Here the checks were drawn by the donor on the trustee, a banking corporation, and were held under an active trust with no

provision for revocation. The donor expressly directed that the "delivery of the checks to the trustee should be and be construed to be a delivery thereof to * * * the parties named in and to whose order said checks are drawn." It was explicitly directed by the donor that her death should not stop the payment of the checks, and funds separate and distinct from the ordinary account of the donor were provided by the donor and accepted by the trustee for the payment of the checks.

In *Shenstone v. Brock,* 36 *Ch. Div.* 541, a promissory note of the decedent payable to the donee was deposited with a third person for delivery to the donee at the death of the donor. The third person was established as a trustee and the gift supported. Authorities treating the question of a donor's check as the subject of a valid gift are collected in a note to 20 *A. L. R.* 177.

In arriving at the conclusion that the amounts represented by the checks in the present case are not subject to the payment of the tax sought to be imposed, I have had the benefit of excellent briefs from counsel. While I have not found it necessary to cite all the cases presented to me, comprehensive notes on the subject of the taxability of funds intended to take effect in possession or enjoyment at or after the death of a donor can be found in 49 *A. L. R.* 864 and 67 *A. L. R.* 1247.

Being of the opinion that under the facts and the law in the present case no tax is due, and in conformity with the agreed statement of facts, judgment is rendered in favor of the defendants for costs.