197 A.2d 331 (1964)
William E. WALSH, Jr., One of the Defendants Below, Appellant,
v.
Mildred A. BAILEY, Plaintiff Below, Appellee, and
The Sussex Trust Company, as Executor under the Will of William E. Walsh, Sr., and in its Corporate Capacity, The Remaining Defendant Below, Appellee.
Supreme Court of Delaware.
January 24, 1964.
James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.
H. James Conaway, Jr., and Richard H. May, of Morford, Young & Conaway, Wilmington, for appellee Mildred A. Bailey.
TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.
TERRY, Chief Justice.
This is an appeal from the Court of Chancery. William E. Walsh, Sr., died testate and left his estate equally to his only surviving children, a son and daughter.
The facts which are pertinent to this controversy involve the disposition of certain sums on deposit in three accounts with The Sussex Trust Company. In each instance Mr. Walsh and his son were the persons authorized to make withdrawals therefrom.
Mr. Walsh's daughter, the plaintiff below, seeks to have all sums on deposit in these accounts at the time of Mr. Walsh's death included in his estate. The son, however, claims all monies on deposit were held by him and his father as joint tenants with the right of survivorship. It is his contention that he is solely entitled to the funds and objects to their inclusion in his father's estate.
*332 Plaintiff brought this suit below in the nature of a derivative action on behalf of the estate. The testamentary executor, The Sussex Trust Company, was also named as a defendant and plaintiff seeks to surcharge it for failing to properly conserve the assets of the estate and to remove it as executor.
Subsequent to a trial on the merits, the Vice-Chancellor below ruled in favor of the plaintiff daughter and ordered that all sums in the controverted bank accounts be included among the assets of the father's estate. In addition, the Court surcharged the executor for all interest or penalties imposed on plaintiff's share of the estate by the State of Delaware or the United States by reason of the belated inclusion in the estate of the sums in the bank accounts due to underpayment and/or late payment of death taxes. A credit, however, was granted for any amounts earned as interest on plaintiff's share after the date when additional death taxes should have been paid. The Court declined to remove the executor on the ground that the circumstances did not show a breach of fiduciary duty which would warrant such action.
By way of background, the accounts in question were known as 
(a) William E. Walsh, Regular Account
(b) William E. Walsh, Building Account
(c) William E. Walsh, Special Account
They were used by Mr. Walsh in the operation of his business, and his son who worked for him in that business was the only other person authorized to draw checks thereon.
Each account was opened on different dates, but Mr. Walsh and his son executed the following form, provided by the Bank, at the time of their opening:
"JOINT ACCOUNT-PAYABLE TO EITHER OR SURVIVOR
"It is agreed and understood that any and all sums that may from time to time stand in this account, to the credit of the undersigned depositors, shall be taken and deemed to belong to them as joint tenants and not as tenants in common; while both joint tenants are living, either may draw and in case of the death of either, this Bank is hereby authorized and directed to deal with the survivor as sole and absolute owner thereof.
"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.
"Payment to or on check of the survivor shall be subject to the laws relating to inheritance and succession taxes and all rules and regulations made pursuant thereto.
"Witness our hands and seals this ________ day of __________ 19__.
WITNESS:
/s/ C.E.M., W/ W. E. W., Sr. /s/ William E. Walsh (SEAL)
/s/ C.E.M.,W/ /s/ William E. Walsh, Jr., (SEAL)"
Irrespective of these joint account agreements the Vice-Chancellor permitted the introduction of parole evidence to show the father's alleged intent regarding the disposition of the sums on deposit therein. The basis of his ruling was predicated on *333 the idea that the agreements were too vague and ambiguous.
We would be inclined to agree with the Vice-Chancellor were it not for the second paragraph of those agreements. To us the meaning of the agreements seems clear. The complete tenor of the instruments connotes a joint tenancy, not only by specific reference to such a relationship, but also by outlining the consequences upon the "* * * heirs, next of kin, legatees, assigns and personal representatives" which will flow from that relationship between the parties.
While the above cited agreement may not perhaps be framed in the most precise language we believe it is sufficiently clear to impart the creation of a joint tenancy with right of survivorship. In re Furjanick's Estate, 375 Pa. 484, 487, 100 A. 2d 85 (1953).
One argument made by appellee is that the evidence was admissible to show mutual mistake, i. e., that the parties thought they were executing a power of attorney to sign checks rather than creating a joint account payable to the survivor. A Court of Equity may, of course, grant appropriate relief when mutual mistake is properly proven, but to prove it the evidence must be clear and convincing; mere preponderance does not suffice. 20 Am. Jur., Evidence, Sec. 1253; 32 C.J.S. Evidence § 1023. Here the Vice-Chancellor found that there was no clear and convincing evidence of the father's actual purpose in signing the agreements. We agree with that finding. In view of the language of the agreements, we conclude that it was error to have accepted the parole evidence for the purpose relied upon by the Vice-Chancellor.
For the reasons assigned, the judgment of the Court below is hereby reversed. All sums in the previously named accounts at the time of William E. Walsh's, Sr. death are declared to belong solely to William E. Walsh, Jr. It follows that the surcharge against the corporate executor must fall.