Mildred HOWARD, Defendant Below, Appellant,

v.

FARMERS BANK of the State of Delaware, a corporation of the State of Delaware, Plaintiff Below, Appellee,

and

Farmers Bank of the State of Delaware, Executor of the Estate of Sadie Cooper Rust, Defendant Below, Appellee.

Supreme Court of Delaware.

July 16, 1970.

Clifford B. Hearn, Jr., and Victor F. Battaglia, of Biggs & Battaglia, and A. James Gallo, Wilmington, for appellant.

Samuel Handloff, Wilmington, and Franklin S. Eyster, II, of Richards, Layton & Finger, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the entry of summary judgment in favor of an executor by order of the Chancellor in a suit filed as an action of interpleader by the Farmers Bank. The facts are that prior to July 8, 1967, one Sadie Cooper Rust had a savings account in the Farmers Bank with a balance in excess of $8,000. On that day she directed the Bank to add the name of Mildred Howard, the appellant herein, to the account, but specifically directed that she not be told of this action. Mrs. Rust signed a usual signature card for a joint savings account to the effect that it was a joint account, subject to withdrawal by anyone of the depositors "whose signatures appear below."

The Bank as instructed added Mildred Howard's name to the account by typewriter. At no time did Mildred Howard ever sign the signature card, and at no time before Mrs. Rust's death was she ever informed of Mrs. Rust's action in adding her name to the savings account.

Mrs. Rust died February, 1968 and the Farmers Bank was granted letters testamentary upon her estate. Thereafter, a contest developed between the Bank and Mrs. Howard as to ownership of the deposit, and the Bank ultimately filed the current action in interpleader to determine the interests of Mrs. Howard and of the Bank as executor of the estate of Mrs. Rust in the joint account.

In this court appellant repeats the same argument it made before the Chancellor to the effect that there was a contract between the Bank and the decedent, Mrs. Rust, to pay the balance remaining on deposit to Mildred Howard since she is the survivor of the joint tenancy in the savings account. The Chancellor decided in favor of the Bank as executor on the theory that there was no *inter vivos* gift accomplished by the action of Mrs. Rust in adding the name of Mildred Howard to the savings account for the reason that there was no delivery, either constructive or actual, of the personalty rep-

resented by the passbook to the account. We agree with this conclusion, and we also agree that there was no testamentary gift made by Mrs. Rust to Mildred Howard by reason of the failure to comply with 12 Del.C. § 102 concerning the requisites required for a valid testamentary gift.

By reason of our agreement with the Chancellor upon these two questions, we affirm the decision on the opinion below, Farmers Bank of Delaware v. Howard, 258 A.2d 299 (Del.Ch.1969).

■ In this court, the appellant seeks to raise a third question, viz., that Mildred Howard was entitled to the balance remaining in the savings account as a third party beneficiary of a contract between Mrs. Rust and the Farmers Bank. It appears that this point was not raised before the Chancellor. Therefore, it may not be raised for the first time in this court. Equitable Trust Co. v. Gallagher, 32 Del. Ch. 401, 77 A.2d 548 (1950). We accordingly refuse to pass upon it.

If, as appellant argues, the point was actually made in oral argument before the Chancellor, the fact remains that there is nothing before us to so indicate. Also, it is clear from the Chancellor's opinion that he did not rule upon it. When such is the case, we ordinarily refuse to review a question not decided below in the first instance. Nabb v. Haveg Industries, Inc., Del.Super., 266 A.2d 879 (1970).

Since there is nothing before us to indicate that the point was or was not raised before the Chancellor, we will affirm the Chancellor's rulings and remand with leave to the appellant to apply to the Chancellor for a ruling on her third point, provided the question was in fact raised before him. The appellant does not have leave to raise the point as a new question.

Affirmed and remanded.