**FARMERS BANK OF the STATE OF DEL-AWARE, a Corporation of the State of Delaware, Plaintiff,**

**v.**

**Mildred HOWARD and Farmers Bank of the State of Delaware, Executor of the Estate of Sadie Cooper Rust, Defendants.**

Court of Chancery of Delaware,
New Castle.

March 22, 1971.

Franklin S. Eyster, II, and Martin I. Lubaroff, of Richards, Layton & Finger, Wilmington, for plaintiff.

Samuel Handloff, Wilmington, for defendant Farmers Bank of the State of Delaware, Executor of the Estate of Sadie Cooper Rust.

Clifford B. Hearn, Jr., of Biggs & Battaglia, Wilmington, for defendant Mildred Howard.

DUFFY, Chancellor:

This is an interpleader action by Farmers Bank of the State of Delaware to determine which of two claimants is entitled to a savings deposit: Mildred Howard or the Executor of the Estate of Sadie Cooper Rust, deceased.

The account was in the name of Mrs. Rust, only. On July 8, 1967 she directed the Bank to add to the account the name of Mildred Howard but specifically instructed that Mrs. Howard not be told of this until after her own death. The Bank followed that instruction. Mrs. Rust died on February 22, 1968, this action was brought thereafter.

Mrs. Howard originally contended that Mrs. Rust made a gift to her of a joint interest in the account, but that argument was not persuasive. Farmers Bank of the State of Delaware v. Howard, Del.Ch., 258 A.2d 299 (1969). The Supreme Court affirmed. 268 A.2d 870 (1970), but remanded the case to permit Mrs. Howard, on a special showing, to argue that she was a third party beneficiary of the contract between Mrs. Rust and the Bank. In order to do justice between the parties, this Court permitted briefing on that theory and this is the decision thereon.

(1) A contract made for the benefit of a third party is enforceable in Delaware and the third party may sue to enforce a promise made for his benefit, even though he is a stranger to both the contract

and the consideration. Bryant, Griffith & Brunson v. General Newspapers, 6 W.W. Harr. 468, 36 Del. 468, 178 A. 645 (Super. Ct.1935); 17A C.J.S. Contracts § 519(3); 2 Williston on Contracts (3 ed) § 347.

■ (2) A donee beneficiary is such a third party and he may sue to enforce a contract made for his benefit, even though he did not assent to the contract nor have knowledge of its existence. Restatement, Contracts § 135(a); 4 Corbin on Contracts § 783.

■ (3) The right of such a donee beneficiary to enforce a contract depends on its terms, and these are determined by the intent of the parties as expressed in the words they used. 17A C.J.S., supra, § 519(4) h (b).

(4) Mrs. Howard contends that she was a donee beneficiary of a contract between Mrs. Rust and the Bank. Specifically, she says that Mrs. Rust had moneys on deposit, she directed the Bank to pay the balance thereof to Mrs. Howard after her death, the Bank accepted the instruction. She says that the Court is obliged to give effect to Mrs. Rust's intent which was to benefit Mrs. Howard after her own death.

(5) The record here consists of the signature card signed by Mrs. Rust, the note she wrote, the account record and the letter sent by Mr. Richardson (the substance of which appears in the Appendix).

■ (6) It might be argued that this record shows an intent by Mrs. Rust to benefit Mrs. Howard and that she did so by utilizing one of three legal concepts:

(a) She created a joint account with Mrs. Howard, with right of survivorship. Mrs. Howard argues this anew, but the argument has been considered and rejected by both this Court and the Supreme Court.

(b) She contracted with the Bank to pay the balance of the account at the time of her death to Mrs. Howard as a third party beneficiary. This is the thrust of Mrs. Howard's present argument but it suffers from three infirmities: (1) she has not cited authority to support the proposition that a bank account may be the subject of a donee beneficiary contract with payment made only at death of the promisee; (2) Mrs. Rust's intent probably was to create a co-ownership interest with right of survivorship (as indeed Mrs. Howard argues in her most recent brief) and not to create a third party contract; (3) if her intent was to create such a contract with performance only at death, then it was a testamentary gift which in form does not comply with the Wills Act. 12 Del.C. § 102; see the Supreme Court comment at 268 A.2d 872.

(c) She created a trust comparable in law to the so-called Totten trust. The Totten concept has been approved in Delaware. Delaware Trust Co. v. Fitzmaurice, 27 Del.Ch. 101, 31 A.2d 383, 391 (1943), aff'd in part [Crumlish v. Delaware Trust Co., 27 Del.Ch. 374] 38 A.2d 463 (1944). Counsel have not briefed this concept and, while I am most reluctant to require further briefing, I must do so. Honoring Mrs. Rust's intention is the objective here and the Court is obliged to do that if there is a basis in law for it. Cf. 51 Yale L.J. 1, 38; Corbin on Contracts, supra; Willison, supra, § 348.

Order on notice.

## APPENDIX

On July 8, 1967 Mrs. Rust gave a writing to the Bank stating as follows:

"Will you please add this name to Pass book the way that we discussed. Thank you.

MRS. MILDRED HOWARD

*I do not wish her to be notified."*

Under date of July 11, 1967 Mrs. Rust signed a signature card reading in part as follows:

"IT IS HEREBY stipulated and agreed that this account is a joint account, subject to withdrawal by any one of the depositors in this account whose signatures appear below, and that in the event of the death of any one or more of said depositors, the moneys then due thereon shall belong to, and/or shall be subject to withdrawal by, any or either of the survivors and/or the last survivor.

Authorized
Signatures of      s/ Sadie Cooper Rust

Mildred Howard
Address   201 W. 20th Street Wilmington, Del. 19802"

On July 12, 1967 a Vice President of the Bank wrote to Mrs. Rust saying in part as follows:

"I am enclosing, herewith, your savings account passbook #3011–573–8, showing a balance of $8,687.45, the interest on which you receive by check each period.

In accordance with your instructions, we have added the name, Mildred Howard to this account, as a co-owner. She is not to be advised of this fact, and in the event of your passing away first, she will become the owner of the account as the survivor."