James P. D'ANGELO, receiver for Papantla Royalties Corporation, a dissolved Delaware Corporation, Plaintiff Below, Appellant,

v.

PETROLEOS MEXICANOS, a decentralized Institution pertaining to the Republic of Mexico, Defendant Below, Appellee.

Supreme Court of Delaware.

Dec. 26, 1974.

William H. Bennethum, Wilmington, for plaintiff below, appellant.

Arthur G. Connolly, Jr., Stanley C. Macel, III, of Connolly, Bove & Lodge, Wilmington, and Timothy P. Walsh, of Har-

**390**

din, Hess & Walsh, New York City, of counsel, for defendant below, appellee.

Before HERRMANN, C. J., and TAYLOR and WALSH, Judges.

TAYLOR, Judge:

This action was brought in the Court of Chancery for an accounting for oil royalty and participation interests from oil wells in Mexico. Plaintiff is the receiver of a dissolved Delaware corporation. Defendant is asserted to be a "decentralized institution pertaining to the Republic of Mexico". Plaintiff undertook to obtain jurisdiction over defendant by sequestering monies due defendant from certain Delaware corporations. Defendant appeared solely for the purpose of challenging the jurisdiction of the Court, contending that the sequestration did not satisfy Delaware law, that the sequestration violated constitutional rights of due process, search and seizure, and equal protection of the law, that no jurisdiction had properly been obtained over defendant, and that the Court lacked jurisdiction over the subject matter. The Court of Chancery dismissed the complaint on the ground that the Court lacked jurisdiction over the subject matter inasmuch as the case involved a review of the validity of an action of a foreign government and as such was barred by the act of state doctrine. This is an appeal from the order of dismissal.

Defendant has not appeared generally to litigate the merits of this case. Defendant's appearance is for the limited purpose of attacking the jurisdiction of the Court. At this stage of the case, the Court is not called upon to determine whether the act of state doctrine would preclude all or part of the issues of the case from being litigated. The issue before the Court is whether the Court of Chancery lacks jurisdiction to entertain a case, the merits of which are affected by the act of state doctrine.

The act of state doctrine is founded upon comity among sovereign powers.

First National City Bank v. Banco Nacional de Cuba, 406 U.S. 759, 92 S.Ct. 1808, 32 L.Ed.2d 466 (1972). Thus, when litigation puts in issue the validity or propriety of an action taken by a foreign government, the Court will not undertake to pass upon the validity of that action. Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897). It is a judicial abstinence from participating in matters touching on foreign relations. First National City Bank v. Banco Nacional de Cuba, supra.

In Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), the Court reviewed the historic and philosophical foundations of the doctrine. The Court found that the doctrine is not compelled either by inherent nature of sovereign authority or by some principle of international law, and that it is not required by the Constitution. The Court concluded that because of its inter-relationship with foreign policy, the application of the act of state doctrine must be determined according to federal law binding on both federal and state courts placing a limitation upon the issues which a court will adjudicate.

In the landmark case of Underhill v. Hernandez, supra, the doctrine is stated that our courts will not sit in judgment on the acts of the government of another country. Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726 (1917) held that the doctrine means that "the conduct of one independent government cannot be successfully questioned in the courts of another . . . ". In Ricaud v. American Metal Co., 246 U.S. 304, 38 S.Ct. 312, 62 L.Ed. 733 (1918), the Court stated that the doctrine

"does not deprive the courts of jurisdiction once acquired over a case. It requires only that, when it is made to appear that the foreign government has acted in a given way on the subject-matter of the litigation, the details of such action or the merit of the result cannot be questioned but must be accepted by

our courts as a rule for their decision. To accept a ruling authority and to decide accordingly is not a surrender or abandonment of jurisdiction but is an exercise of it."

This language was quoted with approval in Banco Nacional de Cuba v. Sabbatino, supra. In *Sabbatino,* the act of state doctrine was sustained as a basis for upholding plaintiff's claim and rejecting defendant's counterclaim.

It is noted that in Underhill v Hernandez, supra, the case proceeded to trial and resulted in a directed verdict for defendant at the close of plaintiff's case. All of the cases to which this Court has been directed in which the United States Supreme Court has considered the act of state doctrine since Underhill v. Hernandez, supra, have gone to decision upon the merits of the cases either at the pleading stage or after trial.[1]

In First National City Bank v. Banco Nacional de Cuba, supra, the United States Supreme Court stated that the act of state doctrine "is a judicially accepted limitation on the normal adjudicative processes of the courts, springing from the thoroughly sound principle that on occasion individual litigants may have to forego decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of the nation's foreign policy". It then held that in recognition of the principle that foreign policy is vested primarily in the Executive Branch, a determination by the Executive Branch that the foreign policy of this country did not require the application of the act of state doctrine under the facts of that case, would be sufficient to free the litigation from the customary limits imposed by the act of state doctrine. This holding appears to be more consistent with the concept that the doctrine rests upon comity rather than jurisdiction.[2]

It is clear from a review of the cases, that the act of state doctrine deals with issues rather than with basic jurisdiction of a court. The doctrine has been characterized as "a conflict of laws principle". 12 A.L.R. Fed. 712; 45 Am.Jur.2d "International Law" § 83, p. 419. It is "similar to those conflict of laws principles that direct the choice of a foreign law, or apply the principles of res judicata to foreign judgments, or give faith and credit to foreign legislation or to foreign judgments, or dismiss the proceedings on the basis of forum

---

1. American Banana Company v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826 (1908) was decided on a motion to dismiss the complaint for failure to set forth a cause of action. Oetjen v. Central Leather Co., supra, proceeded to judgment after trial where the trial court considered the effect of the action of the foreign government upon the rights of the parties. See O'Neill v. Central Leather Co., 87 N.J.L. 552, 94 A. 789 (1915). Ricaud v. American Metal Co., supra, resulted in judgment for the plaintiff which was reversed after appellate adjudication of the effect of the action of the foreign government on plaintiff's claim. In Shapleigh v. Mier, 299 U.S. 468, 57 S.Ct. 261, 81 L.Ed. 355 (1937), the Court rendered a decision on the merits. United States v. Pink, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796 (1942) involved a decision "that there is no merit to the action and it is insufficient in law". United States v. Belmont, 301 U.S. 324, 57 S.Ct. 758, 81 L.Ed. 1134 (1937) involved a decision on the merits of a claim. In First National City Bank v. Banco Nacional de Cuba, supra, summary judgment was granted by the trial court. Banco Nacional de Cuba v. Sabbatino, supra, in which the United States Supreme Court reversed the action of the trial court, was remanded for further action applying the act of state doctrine.

2. The Hickenlooper Amendment to the Foreign Assistance Act of 1964, 22 U.S.C. § 2370 (e)(2) provides in part:
   "No court in the United States shall decline on the ground of the federal act of state doctrine to make a determination on the merits giving effect to the principles of international law in a case in which a claim of title or other rights to property is asserted . . . based upon . . . a confiscation or other taking after January 1, 1959, by an act of that state in violation of the principles of international law . . .".
   This language is Congressional recognition that the doctrine rests upon comity.

non conveniens". Restatement, Foreign Relations Law of the United States 2d § 41, comments a and c.

■ The fact that the act of state doctrine is invoked in a particular case does not deprive the court of jurisdiction to determine the merits of the cause of action. Rather, it narrows the issues of the case by accepting as valid the action of a foreign government and refusing to inquire into the validity of that action. Banco Nacional de Cuba v. Sabbatino, supra.

■ It is not contended that if the act of state doctrine were not in issue here, the Court of Chancery would be without jurisdiction to entertain this action. An issue of this case is whether the action of the Mexican government in expropriating oil properties precludes plaintiff from recovery. By virtue of the act of state doctrine, the Court of Chancery will not adjudicate the validity of the expropriation action by the Mexican government, but will treat that as a valid action for purposes of the litigation. 45 Am.Jur.2d "International Law" § 83, p. 419.

■ The action of the Court of Chancery which is the subject of this appeal is the granting of defendant's motion to dismiss on the ground of lack of jurisdiction over the subject matter, because of the applicability of the act of state doctrine. Upon the basis of the foregoing, we conclude that the act of state doctrine does not deprive the Chancery Court of·jurisdiction over this cause of action over which it otherwise has jurisdiction.

The issue of personal jurisdiction over defendant has not been resolved by the trial court. Until that issue is resolved, the trial court and this court should not undertake to decide the issues of the case or the impact of the act of state doctrine upon those issues. 2A Moore's Federal Practice, page 2322, par. 12.12. This Court held in Hughes v. TransWorld Airlines, Inc., Del.Supr., 185 A.2d 886 (1962), that a litigant who has not submitted himself to the jurisdiction of the Court by way of a general appearance is not entitled to attack the merits of a complaint.

■ In the absence of a general appearance and the proper pleading and proof of the defense of the act of state doctrine, defendant is not entitled to judicial consideration of the effect of the act of state doctrine upon plaintiff's claim, either in this Court or in the Court of Chancery. Accordingly, this Court has not given consideration to defendant's contentions dealing with the effect of the act of state doctrine upon the merits of plaintiff's case.

■ Issues concerning the validity of the sequestration were raised in the Court of Chancery and were briefed and argued in this Court. Inasmuch as they were not resolved by the Court of Chancery,[3] they are not properly before this Court for decision. Howard v. Farmers Bank, Del.Supr., 268 A.2d 870 (1970). Under the decision reached above, these questions must be resolved and, if adverse to defendant, a general appearance entered and the defense of act of state doctrine pleaded and proved before the case is ripe for decision on the act of state doctrine issue.

The decision of the Court of Chancery granting the motion to dismiss is reversed and the case is remanded to the Court of Chancery for further action consistent with this decision.[4]

3. An opinion dealing with sequestration was filed by the Court of Chancery, but subsequently withdrawn. Therefore, it cannot be given any effect.

4. Issues raised during the course of this appeal which have not been discussed herein were withdrawn at argument.