## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Kenneth Sliney,

    Plaintiff,

v.

New Castle County and Highmark
BCBSD, Inc.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N19C-05-061 FWW

Submitted: September 13, 2019
Decided: December 23, 2019

*Upon Defendant Highmark BCBSD, Inc.'s Motion to Dismiss*
**GRANTED.**
*Upon Defendant New Castle County's Motion to Dismiss*
**DENIED** in Part and **GRANTED** in Part.

## ORDER

Francis J. Murphy, Esquire, Jonathan L. Parshall, Esquire, Murphy & Landon, 1011 Centre Road, #210, Wilmington, DE, 19805; Attorneys for Plaintiff, Kenneth Sliney.

Benjamin Chappel, Esquire, Justin M. Forcier, Esquire, Reed Smith, LLP, 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Attorneys for Defendant Highmark BCBSD, Inc.

Mary A. Jacobson, Esquire, Mengting Chen, Esquire, New Castle County Office of Law, New Castle County Government Center, 87 Reads Way, New Castle, DE 19720; Attorneys for Defendant New Castle County.

**WHARTON, J.**

This 23rd day of December, 2019, upon consideration of the Motions to Dismiss of Defendants New Castle County[1] and Highmark BCBSD, INC.,[2] and Plaintiff Kenneth Sliney's Responses;[3] it appears to the Court that:

(1)    In June and July of 2017, Kenneth Sliney's ("Sliney") minor son received inpatient medical treatment at Caron Treatment Center ("Caron").[4] New Castle County ("the County"), Sliney's employer, supplied his health insurance,[5] which Highmark BCBSD, Inc. ("Highmark") administered.[6] Sliney paid $48,150 for treatment at Caron and received a reimbursement of $4,432.[7] Highmark later denied payment for the inpatient treatment at Caron.[8] After unsuccessfully appealing first directly to Highmark, Sliney submitted the claim for independent review by Medwork Independent Review, as a part of Highmark's appeal process.[9] On April 18, 2018, Medwork Independent Review issued a decision upholding the denial of benefits.[10]

---

[1] Def. New Castle County's Mot. to Dismiss, D.I. 11.

[2] Def. Highmark BCBSD, Inc.'s Mot. to Dismiss, D.I. 9.

[3] Pl.'s Resp. in Opp. to def. New Castle County's Mot. to Dismiss, D.I. 15.; Pl.'s Resp. in Opp. to Def. Highmark BCBNSD, Inc.'s Mot. to Dismiss, D.I. 14.

[4] Pl.'s Compl. at ¶¶ 1, 10, 11, D.I. 1.

[5] *Id.* It is undisputed that Plaintiff's insurance coverage included his minor son. *Id.*

[6] Pl.'s Compl. at ¶¶ 1, 4, 6, 8, 9, D.I. 1.

[7] *Id.* at ¶ 17.

[8] *Id.* at ¶¶ 12, 13.

[9] *Id.* at ¶ 14.

[10] *Id.* at ¶ 15.

(2) On May 8, 2019, Sliney brought this action against the County and Highmark, alleging breach of contract (Count I) and bad faith breach of contract (Count II).[11] On August 14, 2019, Highmark moved to dismiss.[12] On August 16, 2019, the County also moved to dismiss or, in the alternative, for a more definite statement.[13] On September 13, 2019, Sliney responded to both motions.[14]

(3) A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[15] The Court's review is limited to the well-pled allegations in the complaint.[16] In ruling on a motion under Rule 12(b)(6), the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[17] Dismissal is appropriate "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[18] The pleading standards governing a motion to dismiss in Delaware are minimal.[19] Delaware is a notice-

---

[11] *Id.* ¶¶ at 20-25.
[12] Def.'s Mot. to Dismiss, D.I. 9 (Highmark).
[13] Def.'s Mot. to Dismiss, D.I. 11 (County).
[14] Pl.'s Resp. Mot. Dismiss, D.I. 14-15.
[15] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[16] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[17] *Id.*
[18] *Id.*
[19] *See Central Mort. Co. v. Morgan Stanley Mort. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011).

pleading jurisdiction, and a complaint need only "give general notice as to the nature of the claim asserted against the defendant in order to avoid dismissal for failure to state a claim."[20]

(4) The Court turns first to Highmark's 12(b)(6) Motion to Dismiss. Highmark moves to dismiss Count I's breach of contract claim arguing that Sliney has not alleged the existence of a contract between Sliney and it.[21] As to Count II, Highmark asserts that without a contractual relationship, Sliney cannot establish a breach of the implied covenant of good faith or any other contractual obligation.[22] In opposition, Sliney argues that he is a third-party beneficiary of the County's administration contract with Highmark, and as such, he may sue for breach of that contract.[23]

(5) A contract made for the benefit of a third party is enforceable and the third party may sue to enforce a promise made for the third party's benefit, even as a stranger to the written agreement.[24] Under general contract principles, in order to be a third-party beneficiary, the parties to the contract must have intended to confer

---

[20] *Nye v. Univ. of Del.*, 2003 WL 22176412, at *3 (Del. Super. Ct. Sept. 17, 2003); *see also* Super. Ct. Civ. R. 8(a)(1).
[21] Def.'s Mot. to Dismiss at 3, D.I. 9 (Highmark).
[22] *Id.* at 3-6.
[23] Pl.'s Resp. Mot. Dismiss at 5, D.I. 14 (Highmark).
[24] *Farmers Bank of State of Del. v. Howard,* 276 A.2d 744, 745 (Del. Ch. 1971).

a benefit on the third party.[25] To state a claim for breach of contract, a party must simply plead: (1) the existence of the contract; (2) a breach of the contract; and (3) damages suffered because of the breach.[26] A plaintiff need not plead specific facts to state an actionable claim.[27]

(6) The issue under Count I is whether Sliney has alleged that he is a third-party beneficiary of the contract between the County as the insurer and the third-party administrator of the health insurance plan - Highmark. In Delaware, whether the parties to a contract intend a third party to be a beneficiary of that contract is determined by the language of the contract.[28] As an employee of the County, Sliney is clearly an intended beneficiary of the contract between the County and Highmark for the purposes of the administration of benefits. But, Sliney has not alleged that he is a third-party beneficiary of the agreement between the County and Highmark for the purposes of coverage determination. The Complaint fails to allege a potentially viable claim against Highmark for breach of contract. Therefore, the Court **GRANTS** Highmark's Motion to Dismiss Count I.

---

[25] *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 534 (Del. Super. Ct. 1990).
[26] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).
[27] *Id.* at 611.
[28] *Willis v. City of Rehoboth Beach*, 2004 WL 2419143, at *2 n3 (Del. Super. Ct. Oct. 14, 2004) (The Court's interpretation of an insurance policy is matter of law) (citations omitted).

(7) With respect to Count II, under the implied covenant of good faith and fair dealing, a party may not violate the express terms of an agreement but still deprive the other of the fruits of the bargain.[29] "Thus, parties are liable for breaching the covenant when their conduct frustrates the "overarching purpose" of the contract by taking advantage of their position to control implementation of the agreement terms."[30] Our Supreme Court has recognized that an insured has a cause of action for breach of the implied covenant of good faith when the insurer refuses to honor its obligations under the policy and clearly lacks reasonable justification for doing so.[31]

(8) Here, Sliney alleges that after Highmark denied payment for his son's inpatient treatment at Caron, Sliney "submitted the claim for the care at [Caron] for an 'external review'."[32] The independent reviewer subsequently affirmed Highmark's denial of payment. Apart from Sliney's failure to allege that he is a third-party beneficiary of the contract between the County and Highmark, Count II,

---

[29] *Dunlap*, 878 A.2d at 444.
[30] *Id.* at 441 (quoting *Breakaway Solutions, Inc. v. Morgan Stanley & Co.*, 2004 WL 1949300, at *12, (Del. Ch. 2004)).
[31] *See Enrique v. State Farm Mut. Auto. Ins. Co.*, 142 A.3d 506, 512 (Del. 2016) (citing *Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1274–75, 2016 WL 836983, at *3 (Del.2016); *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 445–46 (Del.1996); *Pierce v. Int'l Ins. Co. of Ill.*, 671 A.2d 1361, 1367 (Del.1996); *Tackett v. State Farm Fire & Cas. Ins. Co.*, 653 A.2d 254, 265–66 (Del.1995)).
[32] Pl.'s Compl. at ¶¶ 13-14., D.I. 1.

alleging bad faith, fails for a different reason. Despite its conclusory language of bad faith, that claim is undermined by the allegation that a subsequent independent review affirmed Highmark's decision. Thus, Sliney actually alleges a reasonable justification for Highmark's refusal to pay the claim, thereby defeating his bad faith claim.[33] Accordingly, Sliney has not stated a claim of bad faith, and Highmark's Motion to Dismiss Count II is **GRANTED.**

(9) The Court now turns to the County's Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6), or in the Alternative, for a More Definite Statement.[34] The County relies on 18 *Del. C.* §6416(b), which provides a rebuttable presumption against coverage of the claim, to assert that Sliney failed to plead sufficiently both the breach of contract and bad faith claims.[35] The County also asserts immunity under 18 *Del. C.* §6418(b) for both counts. Sliney concedes that coverage of the claim is subject to a rebuttable presumption, but argues that the presumption is "rebuttable," not *irrebuttable,* and that the County's immunity does not immunize it from all wrongful conduct.[36]

(10) The County's Motion is premature. The arguments are ones that the Court expects the parties may ask it to revisit after they have conducted appropriate

---

[33] *Id.* at ¶ 15., D.I. 1.
[34] Def.'s Mo. to Dismiss at 1, D.I. 11 (County).
[35] *Id.* at ¶ 7.
[36] Pl.'s Resp. Mot. Dismiss at 4, D.I. 15 (County).

discovery. For present purposes, Sliney alleges under Count I: (1) the insurance contract between himself and his employer, the County; (2) a breach of that contract by the County's failure to pay the covered amount; and (3) damages in the sum of the amount left unreimbursed for the covered expenses. Under the Rule 12(b)(6) pleading standard, Sliney has pled sufficiently a breach of contract under Delaware's low pleading standard. The County's Motion to Dismiss is **DENIED.** Further, the County's request for a more definite statement also is **DENIED.** Additional specifics of the allegations of the type sought by the County may be gleaned from discovery. Count II, however, fails for one of the same reasons it fails against Highmark – the conclusory allegation of bad faith is undermined by the allegation that the denial of Sliney's claim was upheld when it was submitted for independent review.

(11) The Court finds Sliney's allegations against the County sufficient to state a claim as to Count I, but not as to Count II. The County's Motion to Dismiss or, in the Alternative, for a More Definite Statement is **DENIED** as to Count I and **GRANTED** as to Count II.

**THEREFORE,** Defendant Highmark BCBSD, Inc.'s Motion to Dismiss is **GRANTED,** and the Complaint is **DIMISSED WITHOUT PREJUDICE.** Defendant New Castle County's Motion to Dismiss, or in the Alternative for a More

8

Definite Statement is **DENIED** as to Count I, and **GRANTED** as to Count II, and the Complaint is **DISMISSED WITHOUT PREJUDICE** as to Count II.

Plaintiff Kenneth Sliney is granted leave to file an Amended Complaint no later than 30 days from the date of this Order.

**IT IS SO ORDERED.**

_____

Ferris W. Wharton, J.

9